UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ELLIS JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>    Defendant. | Case No. 23-cv-02110-HSG<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 11 |

Pending before the Court is Defendant's Motion to Dismiss. Dkt. No. 11. The Court finds this matter appropriate for disposition without oral argument and the matters are deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **GRANTS** the motion with leave to amend.

**I.   BACKGROUND**

On May 1, 2023, pro se Plaintiff James Johnson filed this action against the City and County of San Francisco. *See* Dkt. No. 1 ("Compl."). The factual background to Mr. Johnson's claims is less than clear, but appears to revolve around a series of attacks he allegedly sustained while sleeping in his home, the interactions he had with the police and the Veterans Administration ("VA") in connection with these attacks, and the purportedly wrongful towing of his truck. *See* Compl. ¶¶ 6–17. Apparently arising out of those circumstances, Mr. Johnson asserts two claims against the City and County of San Francisco. The first claim states that the Defendant was "Accessories before the fact to, Assault, Battery, Attemp[t]ed Murders, Negligence, and Fraud[,]" and the second claim alleges that the City and County commissioned "Discrimination(civil rights), Slander, Def[]amation, Libel." Compl. at 8–9. Mr. Johnson requests $250,000,000 for court costs and "paid medical care for the rest of [his] life." Compl. at

10. Defendant now moves to dismiss the complaint. Dkt. No. 11 ("Mot.").

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Where a defendant moves to dismiss a claim under Rule 12(b)(6) alleging that it is barred by the applicable statute of limitations, a court may only grant it where "the running of the statute is apparent on the face of the complaint." *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir.2006). "[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1206 (9th Cir.1995).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

Additionally, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted). In addition, "[i]n civil rights cases where the plaintiff appears pro se, the court must

1  construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi*
2  *v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). However, even a "liberal interpretation of
3  a . . . complaint may not supply essential elements of the claim that were not initially pled." *See*
4  *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "[P]ro se litigants are
5  bound by the rules of procedure," *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995), which require
6  "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R.
7  Civ. P. 8(a).
8        Even if the court concludes that a 12(b)(6) motion should be granted, the "court should
9  grant leave to amend even if no request to amend the pleading was made, unless it determines that
10 the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203
11 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted).

**III.   DISCUSSION**

13       As noted above, Plaintiff's allegations are difficult to follow, and do not adhere to Rule 8's
14 command to set out "a short and plain statement of the claim." Fed. R. Civ. P. 8(a). The
15 Statement of Facts proceeds out of chronological order, with events and entities introduced
16 without context or apparent relevance. *See* Compl. ¶¶ 6–17. Plaintiff's legal claims are also
17 presented in a muddled manner: Plaintiff includes numerous causes of action in each of his two
18 claims, but does not identify any of the relevant elements of those causes of action (let alone their
19 common law, statutory, or constitutional source), or provide any facts that might support them.
20 *See* Compl. at 8–9. The Court is left to speculate, for example, as to what conduct might
21 constitute libel and how exactly the City and County of San Francisco purportedly served as an
22 accessory before the fact to attempted murder. So too is the Defendant, which must prepare a
23 defense, and cannot do so when it does not have adequate notice of what conduct is alleged to
24 have violated what law or right. While the Court appreciates that Plaintiff has elected to proceed
25 without the aid of an attorney and liberally construes his allegations accordingly, the Complaint's
26 factual presentation deviates too far from the axiom that "[e]ach allegation [] be simple, concise,
27 and direct" to proceed as pled. Fed. R. Civ. P. 8(d)(1).
28       For these reasons, the Court **GRANTS** Defendant's motion to dismiss, but will permit

3

1  Plaintiff to file an amended complaint in compliance with Rule 8.  If Plaintiff chooses to do so, the
2  Court directs him to provide a clear concise factual background, identify alleged causes of action
3  with specificity (by, for example, referring to the relevant code section), and explain how the
4  elements of that cause of action are factually satisfied.

5  Since this finding is sufficient to dispose of the Complaint, the Court need not rule on any
6  of Defendant's other arguments.  However, to guide Plaintiff should he choose to file an amended
7  complaint, the Court will briefly address Defendant's other arguments.  Any amended complaint
8  must reflect the rulings the Court makes below.

### A.   Criminal Liability

In claim one of his Complaint, Plaintiff alleges (without specifics) that Defendant was an "accessory before the fact" to assault, battery, attempted murder, and fraud.  Defendant argues that these, and any other asserted theories of liability that are based on criminal law, cannot proceed to the extent they invoke criminal liability.  *See* Mot. at 15–16.  Defendant is correct: "in American jurisprudence[], a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."  *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).  In his Opposition, Plaintiff does not offer any substantive response to this argument, stating only that these claims "will not be deleted by [Defendant]".  Dkt. No. 15 ("Opp.") at 1.  Since private citizens do not have a private right of action to prosecute crimes, the Court **GRANTS** with prejudice Defendant's motion to dismiss all claims advanced by Plaintiff that are premised on criminal law.  Plaintiff may include *only* civil law causes of action in any amended complaint.

### B.   Sovereign Immunity

Plaintiff's action is against a sovereign: the City and County of San Francisco.  The City and County, as sovereign, is immune from state law causes of action that are not authorized by statute.  *See* Cal. Gov't Code § 815; *see also Brown v. Poway Unified School Dist.*, 4 Cal.4th 820, 829 (1993); *Rodriguez v. Inglewood Unified School Dist.*, 186 Cal. App. 3d 707, 716 (1986) ("in California, all government tort liability must be based on statute.")  Defendants argue that Plaintiff has not identified any statute that could authorize his state law claims.  Mot. at 12.  Plaintiff replies only that sovereign immunity is "unclear".  Opp. at 6.  As such, the Court **GRANTS** Defendant's

4

1  motion to dismiss on this basis.  However, the Court gives Plaintiff leave to amend his complaint
2  in order to identify what statutes he contends authorize his suit.  If Plaintiff cannot identify statutes
3  under which he can bring his state law tort claims against Defendant, he cannot allege those claims
4  in an amended complaint.

### C.  Government Claims Act

The Government Claims Act "requires that 'all claims for money or damages against local public entities' be presented to the responsible public entity before a lawsuit is filed." *City of Stockton v. Superior Court*, 42 Cal.4th 730, 734 (2007) (quoting Cal. Gov't Code § 905).  If a plaintiff fails to timely present a claim to the public entity, he may not bring a lawsuit against that entity.  *See* Cal. Gov't Code §§ 945.4, 911.2; *City of Stockton*, 42 Cal.4th at 734 ("Failure to present a timely claim bars suit against the entity.")  Where, as here, an alleged injury is to one's person or property, a claimant must present his government claim to the public entity within six months after the cause of action accrues.  *See* Cal. Gov't Code § 911.2(a).  If the injured party then files suit, they must in their complaint "allege facts demonstrating or excusing compliance with this claim presentation requirement[,]" or risk dismissal.  *State of California v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1237, 1239 (2004).  California law, in other words, imposes an affirmative requirement on plaintiffs proceeding under the Government Claims Act to plead compliance.  *Id.*

Plaintiff submitted a claim form under the Government Claim Act to the City and County of San Francisco for discrimination, slander and defamation, attempted murders, battery, and assault on October 28, 2022.  *See* Dkt. No. 1-3, Ex. 1 at 2.  However, Defendant argues that this claim form does not satisfy the Government Claim Act and does not allow suit in this instance because it (1) only covered a subset of the causes of action in this suit, and regardless, (2) was untimely presented since all relevant causes of action accrued prior to six months from the day of submittal.  *See* Mot. at 12–14.  Plaintiff, for his part, reasons that compliance with the six-month deadline for presenting claims should not be strictly enforced, due to COVID-19 tolling and equitable reasons, including "misconduct[] on the part of the [Defendant]", which purportedly caused him to be attacked from October 2020 to November 2022.  Opp. at 5.

1  The Court need not decide at this time whether the claim was timely presented, as
2  Plaintiff's Complaint must be dismissed for a threshold flaw that Defendant identifies: in his
3  complaint, Plaintiff failed to allege facts demonstrating compliance or excuse from compliance
4  with the Government Claims Act.  *See* Mot. 12–14.  Under *Bodde*, he must do so to survive
5  dismissal.  *See Bodde*, 32 Cal.4th at 1239.  Accordingly, the Court **GRANTS** Defendant's motion
6  to dismiss on this theory, but permits Plaintiff to amend his complaint to allege sufficient facts to
7  establish either compliance with or excusal from the Government Claims Act requirements.  If no
8  facts exist to establish his compliance or excusal, Plaintiff cannot assert any state law tort claims
9  against Defendant.

### D. Substantive Claims

For the reasons discussed above, Plaintiff may only include civil (not criminal) causes of action that are not barred by sovereign immunity or the Government Claims Act in any future complaint.  The Court views it as improbable that any Plaintiff's claims *can* proceed in light of these bars.  However, to the extent any causes of action survive, Plaintiff is advised to comply with the Court's rulings below when repleading his complaint.

#### i. Discrimination

Plaintiff pleads that the VA hospital's "refus[al]" to care for Plaintiff amounted to "clear[] Discrimination" and, similarly, that it is discrimination "to den[y] [a person with a degree of mental illness] help for 25 y[ea]rs . . . . [w]hen it is your job to do so."  Compl. ¶ 9; at 9.  As pled, Plaintiffs allegations do not appear to implicate *Defendant's* conduct, but instead to relate to Plaintiff's treatment at the VA.  Even assuming that the allegations presented a clear explanation of how Defendant's conduct was discriminatory (which they do not), Plaintiff does not identify any law that was violated by this alleged discrimination.  These are serious defects, as Defendant urges.  *See* Mot. at 11.  The Court accordingly **GRANTS** the motion to dismiss Plaintiff's discrimination claim, but will permit Plaintiff to amend it to address the defects identified.

#### ii. Defamation

Plaintiff appears to take issue with a statement made by VA doctor Jesse Ikeme on December 17, 2020 that "the San Francisco Police had just called him and said I said, I was going

1  to shoot the police." Compl. ¶ 11.  The Court agrees with Defendant that the contested statement
2  is not attributable to the Defendant, and therefore does not state a claim for defamation against
3  Defendant.  *See* Mot. at 17.   The Court also agrees that even if there were a meritorious claim, it
4  is likely time-barred, as Plaintiff would need to have filed it within a year of the statement's
5  publication.  *See* Cal. Code Civ. Proc. § 340(c).  However, to allow Plaintiff the opportunity to
6  plead facts (beyond simply the existence of the Covid-19 pandemic) to possibly establish tolling,
7  the Court **GRANTS** Defendant's motion with leave to amend.

        **iii.**    **Assault and Battery**

9  Plaintiff alleges that he sustained a series of attacks in his apartment.  *See* Compl. ¶ 17.
10  But nothing in the complaint connects the Defendant to these alleged attacks.  No allegations
11  suggest that Plaintiff was even in close proximity – let alone touched or harmed – by officials or
12  employees of the Defendant at any point.  Defendant further argues that even assuming Defendant
13  *was* involved in these incidents (which again, the allegations do not support), Plaintiff's claim is
14  time-barred anyhow.  *See* Mot. at 18–19.  As alleged in the Complaint, the last attack was on
15  December 17, 2020, meaning that Plaintiff needed to have to commence his lawsuit within two
16  years (or by December 17, 2022) to litigate related claims.  *See* Cal. Code. Civ. Proc. § 335.1.  He
17  did not.  However, in his Opposition, Plaintiff asserts that an attack occurred as recently as
18  November 2022.  Opp. at 3.  Accordingly, the Court **GRANTS** Defendant's motion to dismiss this
19  claim with leave to amend to allow Plaintiff the opportunity to either plead claims for which the
20  statute of limitations has not run, or to allege facts (which again would need to be more than just
21  the existence of Covid-19) to establish tolling for incidents that occurred prior to May 1, 2021.

        **iv.**    **Negligence and Fraud**

23  Plaintiff alleges that it "was Negligence, and Fraud" for paperwork to say that Plaintiff was
24  subject to three restraining orders when it was in fact another person.  Compl. at 5–6.  This bare
25  allegation does not state a claim of negligence of fraud and, in any event, does not appear to
26  implicate Defendant.  The Court therefore **GRANTS** Defendant's motion to dismiss this claim,
27  but permits Plaintiff to amend it to clarify what conduct by Defendant (if any) allegedly
28  constituted negligence or fraud.

### v. Other Claims

The Court recognizes that neither of Plaintiff's claims list theft (or conversion, or trespass to chattels) as a cause of action. However, it appears that Plaintiff implies such a claim when referring to the impounding of his vehicle as a "thief [sic] by police." Compl. ¶ 12. Defendant argues that this passing reference does not state a claim. *See* Mot. at 15–16. The Court agrees, finds there is no claim to dismiss, and observes that even if there were, the towing of an unlawfully parked car as alleged (*see* Dkt. No. 1-3, Ex. 2 at 21) simply does not constitute theft by Defendant.

Similarly, though Plaintiff did not directly invoke 42 U.S.C. § 1983, Defendant nevertheless argues that on these pleadings, a claim for municipal liability must fail (and would also be time-barred if it accrued prior to May 1, 2021). *See* Mot. at 9–12. However, finding no indication that Plaintiff intended to plead a *Monell* claim, the Court again finds no claim to dismiss.

## IV. CONCLUSION

Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss. Dkt. No. 11. Plaintiff is permitted to amend his claims *only* to the extent they (1) proceed on a civil (not criminal) theory, (2) are not barred by sovereign immunity, and (3) address the deficiencies addressed in Sections III.C and III.D. Plaintiff is not permitted to add new defendants or additional claims without the Court's leave, and must conform his pleadings to the requirements of Federal Rule of Civil Procedure 8. Any amended complaint is due within 30 days of the date of this order, or by November 22, 2023. If Plaintiff does not comply with the Court's rulings in an amended complaint, he risks dismissal with prejudice.

**IT IS SO ORDERED.**

Dated: 10/23/2023

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge